Name  Laurence D. King (SBN 206423), KAPLAN FOX & KILSHEIMER LLP

Address  1999 Harrison Street, Suite 1560

City, State, Zip  Oakland, CA  94612

Phone  415-772-4700

Fax  415-772-4707

E-Mail  lking@kaplaanfox.com

☐ FPD    ☐ Appointed    ☐ CJA    ☐ Pro Per    ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CROSS, individually, and on behalf of all others similarly sitauted,<br><br>PLAINTIFF(S), | CASE NUMBER:<br><br>2:24-cv-09325-MCS-PVCx |
| v.<br><br>HALEON US HOLDINGS LLC,<br><br>DEFENDANT(S). | **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____Plaintiff Joshua Cross_____ hereby appeals to
*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Docket No. 40

☒ Judgment (specify):
   Docket No. 43

☐ Other (specify):

Imposed or Filed on ____7/11/25, 7/28/25____. Entered on the docket in this action on __7/11/25, 7/28/25__.

A copy of said judgment or order is attached hereto.

08/21/25                                          /s/ Laurence D. King

Date                                              Signature
                                                  ☐ Appellant/ProSe    ☒ Counsel for Appellant    ☐ Deputy Clerk

**Note:**   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case,  the Clerk shall be furnished a sufficient number of copies of the Notice of  Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **2:24-cv-09325-MCS-PVC** | Date | July 11, 2025 |
| Title | *Joshua Cross v. Haleon US, Inc.* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:    (IN CHAMBERS) ORDER RE: DEFENDANT'S MOTION TO DISMISS (ECF NO. 20)

Defendant Haleon US Holdings LLC moves to dismiss Plaintiff Joshua Cross's first amended complaint. (MTD, ECF No. 20-1.) Plaintiff filed a brief opposing the motion, (Opp'n, ECF No. 25), and Defendant filed a reply, (Reply, ECF No. 26). The Court heard the motion on March 3, 2025. (Mins., ECF No. 34.)

## I.    BACKGROUND

This is a putative consumer product class action. Defendant sells toothpaste products under the brand name Parodontax. (FAC ¶ 1, ECF No. 17.) The Court reproduces the packaging of one of the products at issue below.



---

(FAC ¶ 21.) Plaintiff alleges that the statements "active gum repair" and "helps reverse signs of early gum disease" on the Parodontax products at issue are false or misleading. (*Id*. ¶¶ 32, 36.) While "[g]ingivitis can be avoided or even resolved by a dentist or good at-home dental care," if left untreated, gingivitis can advance to periodontitis, which is characterized by receding gums and bone loss. (*Id*. ¶¶ 13–16.) If periodontitis develops, plaque can form in pockets along the gumline and harden into tartar, which cannot be removed by flossing and brushing and requires professional cleaning. (*Id*. ¶¶ 16–20.) Thus, Plaintiff claims that the statements on Defendant's product labels are false or misleading because gums cannot be grown back after they have receded. (*Id*. ¶¶ 21–25, 36–37.) Plaintiff asserts that "reasonable consumers will expect Parodontax will repair structural damage such as gum recession, bone loss, or periodontal pocketing." (*Id*. ¶ 38.) Plaintiff alleges that he purchased Parodontax products with the expectation that they would help his gums grow back, and that he paid a premium price for this toothpaste he would not have paid but for his understanding of the misleading representations. (*Id*. ¶¶ 39–47.)

Plaintiff seeks to represent a class of persons who purchased the products for personal use in California and asserts five claims: (1) violation of the California Unfair Competition Law ("UCL"), (2) violation of the California Consumer Legal Remedies Act ("CLRA"), (3) breach of express warranty, (4) breach of the implied warranty of merchantability, and (5) unjust enrichment. (*Id*. ¶¶ 48–100.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los*

*Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III.    ANALYSIS

### A.    Preemption

Defendant argues that Plaintiff's claims are preempted by federal law. (MTD 7–13.)

Under the Supremacy Clause of the United States Constitution, "state laws that conflict with federal law are without effect." *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008) (internal quotation marks omitted). "Federal preemption occurs when: (1) Congress enacts a statute that explicitly pre-empts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Chae v. SLM Corp.*, 593 F.3d 936, 941 (9th Cir. 2010) (internal quotation marks omitted). There is a presumption against finding preemption, particularly when Congress legislates "in a field which the States have traditionally occupied," including advertising, health, and safety. *Wyeth v. Levine*, 555 U.S. 555, 565 (2009) (internal quotation marks omitted); *see Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 541 (2001) (characterizing advertising as a "field of traditional state regulation" (internal quotation marks omitted)); *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996) (recognizing "the historic primacy of state regulation of matters of health and safety").

Nonetheless, the Federal Food, Drug, and Cosmetic Act ("FDCA") preempts state laws that "establish or continue in effect any requirement—(1) that relates to the regulation of a [nonprescription] drug . . . and (2) that is different from or in addition to, or that is otherwise not identical with, a requirement under" the FDCA. 21 U.S.C. § 379r(a); *accord Wyeth*, 555 U.S. at 574 n.8 (recognizing preemptive effect of FDCA on "certain state requirements concerning over-the-counter medications and cosmetics"); *McFall v. Perrigo Co.*, No. 2:20-cv-07752-FLA (MRWx), 2021 WL 2327936, at *8 (C.D. Cal. Apr. 15, 2021) (collecting authorities for the proposition that "§ 379r(a) preempts state law claims that require additional information or labeling or that prohibits labeling beyond what is expressly stated in the applicable federal requirements").

---

Defendant argues that Plaintiff's claims are preempted by the FDCA because over-the-counter drugs containing stannous fluoride, the active ingredient in the Parodontax products at issue, are subject to the labeling requirements of the Food and Drug Administration's 2003 Antigingivitis Monograph. (Mot. 7–13); *see generally* Oral Health Care Drug Products for Over-the-Counter Human Use; Antigingivitis/Antiplaque Drug Products; Establishment of a Monograph, 68 Fed. Reg. 32,232 (May 29, 2003). Defendant fails to demonstrate that the Antigingivitis Monograph is a "requirement under" the FDCA such that it can be given preemptive effect. 21 U.S.C. § 379r(a)(2). The Antigingivitis Monograph is an advance notice of proposed rulemaking ("ANPR"), not a statute or final regulation. While Defendant offers numerous cases giving preemptive effect to certain FDA monographs, Defendant does not offer, and the Court has not uncovered in its independent research, any precedent construing the Antigingivitis Monograph or another ANPR to have preemptive effect under § 379r. This Court has previously recognized the preemptive effect of a tentative final monograph rendered a final administrative order under the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act"). *Youngblood v. CVS Pharm.*, No. 2:20-cv-06251-MCS-MRW, 2021 U.S. Dist. LEXIS 155181, at *6–7 (C.D. Cal. Aug. 17, 2021) (Scarsi, J.). Other cases Defendant cites for the preemption issue similarly discussed monographs that were either deemed final administrative orders by the CARES Act or incorporated into the Code of Federal Regulations, *Silva v. Haleon US, Inc.*, 758 F. Supp. 3d 1082, 1085–86, 1090–91 (N.D. Cal. 2024); *Musikar-Rosner v. Johnson & Johnson Consumer, Inc.*, No. 23-cv-11746-ADB, 2024 WL 3596897, at *4 (D. Mass. July 31, 2024); *Lester v. CVS Pharm., Inc.*, No. 22-cv-7334 (PKC), 2024 WL 1312935, at *4 (S.D.N.Y. Mar. 27, 2024). Unlike the monographs in those cases, the Antigingivitis Monograph has not been deemed a final administrative order or expressly incorporated into the FDCA's implementing regulations.

Defendant suggests otherwise. According to Defendant, an over-the-counter drug cannot be sold in interstate commerce unless it is the subject of a new drug application, but the FDCA as amended by the CARES Act allows an over-the-counter drug to be sold without going through the new drug application process if it conforms with an applicable ANPR. (Reply 2–3 (citing, inter alia, 21 U.S.C. §§ 355, 355h(a)(3)(B)). Thus, Defendant sells Parodontax products subject to the requirements of the Antigingivitis Monograph even if the monograph does not constitute a final regulation. Defendant's theory is creative, but the Court is not prepared to be the first to adopt it over the weight of authority teaching that monographs without the force of law or final regulation are without preemptive effect. *See, e.g.*, *Souter v. Edgewell Pers. Care Co.*, 542 F. Supp. 3d 1083, 1098 (S.D.

Cal. 2021) ("Since a [tentative final monograph] is not law, it has no preemptive force."); *Hwang v. Ohso Clean, Inc.*, No. C-12-06355 JCS, 2013 U.S. Dist. LEXIS 54002, at *49 (N.D. Cal. Apr. 16, 2013) (rejecting preemption argument based on a monograph that had "only the legal status of a proposed rule"). The structure of the FDCA promotes this result: Defendant could sell its stannous fluoride products in compliance with the Antigingivitis Monograph, *see* 21 U.S.C. § 355h(a)(3), or it could sell them subject to an approved new drug application, *see* 21 U.S.C. § 355(a). Under the latter route, compliance with the Antigingivitis Monograph is not strictly required. Accordingly, the Court cannot conclude that the "clear and manifest purpose of Congress" in authorizing the former route was to give preemptive effect to the ANPRs that drugs sold using that route follow. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 757 (9th Cir. 2015) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). In other words, because compliance is not mandatory under both routes, the Antigingivitis Monograph is not necessarily a "requirement under" the FDCA within the meaning of § 379r.

The Court rejects Defendant's preemption challenge.[1]

## B.    Rule 9(b) and Reasonable Consumer Test

Defendant submits that all of Plaintiff's claims must be dismissed because his pleading fails to proffer a false or misleading statement as required by Rule 9(b) and fails to raise a plausible inference that a reasonable consumer would be misled by the label representations at issue. (Mot. 13–17.) The Court agrees on both fronts.

### 1.    Rule 9(b)

Claims grounded in fraud, such as false advertising claims, are subject to the heightened pleading standard of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).[2] To meet Rule 9(b), a plaintiff must "state with particularity the

---

[1] The Court denies Defendant's request for judicial notice of FDA warning letters on the basis that reference to the letters is not necessary to the Court's decision on the preemption challenge. *See Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 454 (9th Cir. 2016).

[2] The Court assumes, as the parties do, that all five claims are subject to the Rule 9(b) standard, even though a misrepresentation is not an express element of breach of warranty claims and equitable claims seeking unjust enrichment. *Cf. Arabian v.*

circumstances constituting fraud." Fed. R. Civ. P. 9(b). The complaint must identify the "who, what, when, where, and how" of the fraudulent misconduct, "as well as what is false or misleading about" it, and "why it is false." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted).

Both the representations with which Plaintiff takes issue—"helps reverse signs of early gum damage" and "active gum repair"—are unsupported by allegations sufficient to demonstrate why they are false or misleading.

Plaintiff's own allegations subvert the purported falsity of the former representation. Plaintiff asserts that "no toothpaste can reverse signs of early gum disease *beyond* 'reduc[ing] bleeding gums,' 'reduc[ing] inflamed gums,' and 'remov[ing] plaque.'" (FAC ¶ 36 (emphasis added).) This necessarily implies that reducing bleeding gums, reducing inflamed gums, and removing plaque are features of antigingivitis products like Parodontax that reverse signs of early gum disease. Thus, Plaintiff paradoxically complains that Parodontax products do not go beyond what their packaging states they can do.

As to the latter representation, Plaintiff ascribes an expansive, implausible construction to the word *repair* over a more plausible meaning. Plaintiff alleges that "active gum repair" indicates that Parodontax products can "bring back, restore, or rebuild lost gums." (FAC ¶ 47; *accord id.* ¶ 31 ("Haleon's representations falsely and unlawfully convey to consumers that Parodontax can *reverse* or *bring back* gum loss or damage.").) Yet the pleading is devoid of facts demonstrating why "active gum repair" can be assigned a meaning that encompasses building back lost gums, which would be false, instead of a meaning consistent with arresting or stopping gum loss, which would not. Primarily, Plaintiff provides ample allegations that "once the gum tissue has pulled back and away from the teeth, it is gone for good." (FAC ¶ 23.) Given that factual allegation, the gum-regenerative meaning Plaintiff ascribes

---

*Organic Candy Factory*, No. 2:17-cv-05410-ODW-PLA, 2018 U.S. Dist. LEXIS 45833, at *7 (Mar. 19, 2018) (applying Rule 9(b) to breach of warranty and unjust enrichment claims given allegations of a unified course of conduct regarding consumer product representations). The claims may not even be sufficient under Rule 8 for the reasons stated in this section. *See Cohen v. Ainsworth Pet Nutrition LLC*, No. 2:20-cv-05289-MCS-AS, 2020 U.S. Dist. LEXIS 246315, at *10–13 (C.D. Cal. Oct. 26, 2020) (Scarsi, J.) (dismissing product misrepresentation claims given the plaintiff's conclusory, contradictory allegations and failure to identify false or misleading representations).

to "active gum repair" is implausible because gum restoration would be impossible to achieve in *any* product. On the other hand, Plaintiff's complaint raises a more plausible alternative meaning of the phrase: "active gum repair" denotes that the products "help prevent bleeding gums and reverse the effects of gingivitis—the earliest and mildest form of gum disease." (*Id.* ¶ 25 (internal quotation marks omitted).) This interpretation is consistent with the other representations on the label, "helps reverse signs of early gum damage" and "anticavity and antigingivitis toothpaste." (*Id.* ¶ 32.)

Returning to the analogy the Court advanced at the hearing, repairing an eroding wall could mean covering it with sealant and preservative, or it could mean rebuilding the wall, depending on the context. The context here shows Plaintiff's understanding of the phrase is implausible, especially given an alternative interpretation the pleading concedes. Because Plaintiff musters insufficient facts to demonstrate the phrase carries his preferred meaning, and another meaning that would not be false or misleading is equally or more plausible, Plaintiff fails to meet the heightened pleading requirement of Rule 9(b). *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) ("[W]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed." (internal quotation marks omitted)).

### 2.    Reasonable Consumer Test

California law "require[s] basic fairness in advertising and permit[s] a civil remedy against those who deceive consumers." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 777 (9th Cir. 2024) (specifically discussing California's UCL, CLRA, and False Advertising Law).[3] Claims based on misleading statements on product

---

[3] Defendant does not specify in its briefs which of Plaintiff's claims are subject to the reasonable consumer test, though the weight of authorities applies the test to UCL, CLRA, and False Advertising Law claims. The Court assumes the breach of warranty claims and equitable claim for unjust enrichment are subject to dismissal for the reasons discussed in this paragraph. *See Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1195 (N.D. Cal. 2014) (resolving challenge to express warranty claim based on reasoning pertaining to reasonable consumer challenge to other claims). Even if they are not, they are still subject to dismissal on the other grounds stated in this Order.

labels "are governed by the reasonable consumer standard, which requires a plaintiff to show that members of the public are likely to be deceived by the defendant's marketing claims." *Id.* (internal quotation marks omitted). "[T]he reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* at 777–78 (internal quotation marks omitted). The standard usually presents a question of fact inappropriate for decision on the pleadings, but in rare cases claims may be dismissed "when the advertisement itself makes it impossible for the plaintiff to prove that a reasonable consumer is likely to be deceived." *Id.* at 778 (cleaned up); *see also Moore v. Trader Joe's Co.*, 4 F.4th 874, 882–83 (9th Cir. 2021) ("[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." (internal quotation marks omitted)).

This is one of those rare cases. Plaintiff posits that reasonable consumers confronted with the phrases "helps reverse signs of early gum damage" and "active gum repair" on Defendant's product packaging "will expect Parodontax will repair [i.e., restore, as used by Plaintiff] structural damage such as gum recession, bone loss, or periodontal pocketing." (FAC ¶ 38.) This is a bare conclusion in search of salient facts to support the asserted expectation. Plaintiff provides no facts from which a reasonable consumer might construe the phrases at issue to say anything about gum recession, bone loss, or periodontal pocketing. And, for the reasons discussed in the previous section, the complaint says too little to show that reasonable consumers would construe the phrases to warrant anything about mending structural damage as opposed to arresting it. Because "allegations of deception must be assessed according to what the advertisement or label depicts and actually says, and not allegations of implied meaning," Plaintiff's theory that a reasonable consumer might assign the tortured meaning he divines from the representations at issue is simply implausible. *Andrade-Heymsfield v. Danone US, Inc.*, No. 19-cv-589-CAB-WVG, 2019 U.S. Dist. LEXIS 137667, at *22–23 (S.D. Cal. Aug. 14, 2019).

3.    Summary

Accordingly, the Court dismisses all of Plaintiff's claims. Although resolution of Defendant's other arguments for dismissal are immaterial to the disposition, in the interest of judicial economy, the Court briefly addresses them.

## C.    Unjust Enrichment

Defendant argues that Plaintiff cannot maintain his unjust enrichment claim because unjust enrichment is not a standalone cause of action under California law and, in any event, Plaintiff fails to plead he lacks an adequate remedy at law. (Mot. 17–18.) The Court agrees.

This Court has consistently interpreted California law to describe unjust enrichment as a remedy, not as a standalone cause of action. *See Stevens v. Britax Child Safety, Inc.*, No. 2:20-cv-07373-MCS-AS, 2021 U.S. Dist. LEXIS 252732, at *16–17 (C.D. Cal. July 13, 2021) (Scarsi, J.) (citing *Astiana v. Hain Celestial Grp.*, 783 F.3d 753, 762 (9th Cir. 2015)). This Court also has consistently held that, although a plaintiff may plead an equitable claim in the alternative to legal claims, *Bolooki v. Honda Motor Co. Ltd.*, No. 2:22-cv-04252-MCS-SK, 2023 U.S. Dist. LEXIS 42028, at *24–25 (C.D. Cal. Mar. 10, 2023) (Scarsi, J.) (citing, inter alia, *Astiana*, 783 F.3d at 762), a plaintiff still must offer allegations toward the inadequacy of legal remedies in support of an equitable claim, *Neu v. FCA US LLC*, No. 5:23-cv-00509-MCS-KK, 2023 U.S. Dist. LEXIS 204079, at *24–25 (C.D. Cal. Nov. 13, 2023) (Scarsi, J.) (citing, inter alia, *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), in discussion of equitable Unfair Competition Law claim).[4] Plaintiff offers no persuasive reason to depart from the Court's established positions on these issues, let alone identify any allegations he pleaded toward the inadequacy of a legal remedy. (Opp'n 19 & n.8.)

The unjust enrichment claim is dismissed.

## D.    Implied Warranty of Merchantability

Finally, Defendant challenges the implied warranty claim on the basis that Plaintiff pleads neither privity of contract between him and Defendant nor facts showing Parodontax is not fit for its ordinary purpose as a toothpaste. (Mot. 18.) Both arguments have merit.

Generally, "a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant." *Clemens v. DaimlerChrysler Corp.*,

---

[4] Defendant does not challenge Plaintiff's Unfair Competition Law claim on this basis, so the Court does not resolve whether it should be dismissed on similar grounds.

534 F.3d 1017, 1023 (9th Cir. 2008). The Court has yet to formally recognize whether there is an exception to the privity requirement when a plaintiff alleges it is a third-party beneficiary of an implied warranty by the defendant to a nonparty. *Neu*, 2023 U.S. Dist. LEXIS 204079, at *8. The parties' briefs are too sparse on this issue for the Court to take a position. But Defendant's challenge does not require resolution of the question for the Court to conclude that Plaintiff "do[es] not plead enough factual content to demonstrate [he is a] third-party beneficiar[y] who may sue for breach of the implied warranty." *Id.* Plaintiff's pleading offers virtually no allegations toward a third-party beneficiary theory, instead resting on a conclusory assertion that he and other class members were direct warrantees. (FAC ¶ 91.)

Under California law, the implied warranty of merchantability generally requires that goods possess "fitness for the ordinary purpose for which such goods are used." *Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1546 (2014) (internal quotation marks omitted). This means "the product is in safe condition and substantially free of defects." *Id.* (internal quotation marks omitted). Whereas Defendant sees its products as fit for their ordinary purpose as toothpaste, (Mot. 18), Plaintiff sees them as unfit for the gum-regenerative purpose suggested by the label, (Opp'n 20). Therein lies the problem in Plaintiff's theory: the claim rests on Plaintiff's interpretation of representations on the product labeling. (FAC ¶ 91.) That theory is better left for Plaintiff's *express* warranty claim. (*Id.* ¶¶ 81–88.) Plaintiff admits in his brief that Parodontax "may fulfill its ordinary function as toothpaste," (Opp'n 20 (internal quotation marks omitted)), an admission consistent with his pleading, which contains no allegations raising a reasonable inference that Parodontax products are unfit for the ordinary purposes toothpaste serves.

The Court dismisses the implied warranty claim.

### E.    Leave to Amend

Plaintiff asks that he be granted leave to amend if the Court grants the motion. (Opp'n 21.) As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court doubts that Plaintiff can cure the deficiencies in the fundamental theory of his case—that Defendant's product labeling is false or misleading. Based on what he presented in his pleading and brief, the Court has no confidence that a reasonable consumer could be misled by the Parodontax labels in the manner Plaintiff claims, regardless of how Plaintiff might replead his allegations.

Nonetheless, given that courts should give leave to amend with "extreme liberality," *Jensen v. Brown*, 131 F.4th 677, 701 (9th Cir. 2025) (internal quotation marks omitted), the Court grants Plaintiff leave to amend.[5]

## IV.    CONCLUSION

The Court grants the motion and dismisses the first amended complaint. Plaintiff may file a further amended complaint within 14 days if he can do so consistent with Federal Rule of Civil Procedure 11(b) and this Order. Any amended complaint must be accompanied by a redline marking any alterations or deletions. (Initial Standing Order § 10(a), ECF No. 9.) Failure to file a timely amended complaint will waive the right to do so. Leave to add new parties or claims must be sought by a separate, properly noticed motion.[6]

**IT IS SO ORDERED.**

---

[5] Should Plaintiff elect to continue litigating this case, the Court requests that the parties provide the full labels of the products at issue either in an amended pleading or in connection with a motion challenging it. (*See* FAC ¶ 27 n.23 (providing a hyperlink to the text of a label of a product not at issue in this action).) Consideration of the full labels would have assisted the Court in adjudicating this motion. *See Bowler v. Nestlé Health Sci. U.S., LLC*, 763 F. Supp. 3d 996, 1000 n.2 (C.D. Cal. 2025) (Scarsi, J.) (considering full labels in connection with motion to dismiss consumer product labeling claims).

[6] The Court, on its own motion, offers one exception to this restriction: Plaintiff may replead his unjust enrichment claim as a cognizable equitable claim seeking a remedy of unjust enrichment or restitution. *See Stevens*, 2021 U.S. Dist. LEXIS 252732, at *17 (noting California law provides a claim in quasi-contract).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSHUA CROSS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HALEON US HOLDINGS LLC,

Defendant.

Case No. 2:24-cv-09325-MCS-PVC

**JUDGMENT**

**JS-6**

Pursuant to the Court's Order Re: Defendant's Motion to Dismiss and Plaintiff's decision not to amend his pleading, it is ordered, adjudged, and decreed that this action is dismissed with prejudice. Plaintiff shall take nothing from this action.

**IT IS SO ORDERED.**

Dated: July 28, 2025

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

1